ACCEPTED
03-15-00308-CV
8249405
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/15/2015 3:46:48 PM
JEFFREY D. KYLE
CLERK

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/16/2015 4:11:49 PM
JEFFREY D. KYLE
Clerk

**NO. 03-15-00636-CV**

## IN THE THIRD COURT OF APPEALS
## AUSTIN, TEXAS

---

**[TIMOTHY ONKST],**

*Appellant,*

**V.**

**[JENNIFER ONKST],**

*Appellee.*

---

## APPELLANT'S BRIEF ON THE MERITS

---

## ORAL ARGUMENT REQUESTED

_____

**TIMOTHY ONKST**

**505 HOGAN DRIVE**

**HARKER HEIGHTS, TX 76548**

**254-931-3339**

*Pro-Se Litigant*

Page 1

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rules of Appellate Procedure 38.1(a), appellant presents the following list of all parties and names and addresses of its counsel:

**Appellant:**

Timothy Onkst

505 Hogan Drive

Harker Heights, TX 76548

(254) 931-3339

**Counsel:**

Pro Se

**Respondent:**

The Honorable Karin Crump

250th Judicial District Court

P.O. Box 1787

Austin, TX 78767

**Appellee:**

Jennifer Onkst

1403 Lance Way

Austin, TX 78758

**Counsel:**

Jeana Lungwitz

Texas State Bar No. 01013850

727 E Dean Keeton St

Austin, TX 78705-3224

Telephone: (512) 232-6278

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.............................2

TABLE OF CONTENTS.......................................3

TABLE OF AUTHORITIES………….……………………….4, 5

STATEMENT OF THE CASE………………………………6

STATEMENT REGARDING ORAL ARGUMENTS……………7

ISSUES PRESENTED……………………………………8, 9

STATEMENT OF FACTS………………………………10

SUMMARY OF THE ARGUMENT………………………11, 12

ARGUMENT…………………………………………..13-21

PRAYER……………………………………………22

APPENDIX…………………………………………23

# TABLE OF AUTHORITIES

## Cases

*George Allan Bolton v. Angela Camille Bolton*(Tex. 2011)…….17

## Statutes

Texas Rules of Evidence 901 (b) (1)…………………………..12

Texas Rules of Evidence 901 (b) (7) (A)………………………12

Texas Rules of Evidence 1003…………………………………13, 14

Texas Constitution, Article 1, Section 14………………………15

United States Constitution, Fifth Amendment…………………..15

Texas Family Code 154.125 (b)………………………………16, 17

Texas Family Code 154.123 (b)………………………………16, 17

Texas Family Code 154.130…………………………………..16, 17

Texas Family Code 154.125…………………………………...16, 17

Texas Family Code 154.129……………………………………16, 17

Texas Family Code 157.423 (a)………………………………...18, 19

Texas Family Code 157.423 (b)…………………………………18, 19

Texas Family Code 157.422 (a)…………………………………………….18, 19

Texas Family Code 85.022………………………………………………19, 20

Texas Family Code 85.002………………………………………………19, 20

# STATEMENT OF THE CASE

**Nature of the Case:**

Appellant, Timothy Onkst, brought a Motion to Modify the final decree of divorce (from March 2013 in Williamson County, Texas), in May 2014. Appellee requested case be transferred to Travis County in May 2014. Appellant filed a motion to enforce in September 2014. Appellee filed two motions to enforce and a motion to modify in September 2014. At issue are child custody possession and access, child support, and a protective order.

**Respondent:**

Honorable Karin Crump, 250th District Court, Travis County, Austin, TX

**Respondent's Action:**

February 11, 2015, the trial court entered an initial judgment in the case. The trial court issued a further, clarifying order on April 14, 2015, and another order on July 7, 2015.

# STATEMENT REGARDING ORAL ARGUMENTS

This case raises significant issues related to the factual sufficiency of the evidence presented in relation to the Texas Rules of Evidence 1003 as alleged text messages that did not occur were entered as evidence. Additionally other evidence was excluded and properly issued subpoenas were allowed to be ignored by the trial court. The inclusion of oral arguments will significantly aid the decision of this court.

# ISSUES PRESENTED

1. Did the trial court err in excluding critical evidence presented at trial?

2. Did the trial court err by allowing subpoenas to be ignored and excluding critical witnesses?

3. Did the trial court err by allowing improper evidence, that is not factually sufficient?

4. Did the trial court err by holding a contempt hearing and issuing jail time for Timothy Onkst in violation of Double Jeopardy laws?

5. Did the trial court err by setting child support at more 20% of the mandated statute limit?

6. Did the trial court err by not making the required findings for child support (Texas Family Code Section 154.130) that differs or varies from the amount computed by applying the percentage guidelines?

7. Did the trial court err by hearing a motion for enforcement and modification on issues that had already been heard and adjudicated previously?

8. Did the trial court err by issuing a Clarifying Order that changed the change

the substantive provisions of the order which was clarified?

9. Did the trial court err by issuing a protective order without evidence that satisfied the required findings and without a proper application ?

10. Did the trial court err by not appointing Timothy Onkst counsel for the protective order and enforcement actions?

## STATEMENT OF FACTS

A final decree of divorce was entered in this cause after hearing on March 4, 2013 in County Court 4 in Williamson County, Texas. Appellant, Timothy Onkst filed a motion to modify on May 9, 2014, and Appellee, Jennifer Onkst, filed a motion to enforce and motion to transfer on May 22, 2014. The case was transferred to Travis County, Texas in June 2014.

The motions to modify and enforce were heard on January 26 and January 27, 2015 in the 250th District Court, with the Honorable Karin Crump presiding. After hearing, the trial court issued an order on February 11, 2015. Motions to reform, modify, or correct judgment were filed by both parties, but the court took no action on them and held no hearing.

The trial court issued a Clarifying Order on April 14, 2015. Appellant, Timothy Onkst, filed another motion to Modify, Correct or Reform Judgment and a Motion for a New Trial on May 12, 2015. After notice and hearing on June 16, 2015, these motions were denied and another order was issued by the trial court on July 7, 2015. Appellant, Timothy Onkst, also filed a Request for Finding of Fact and Conclusions of Law and multiple notices that the findings were due. No findings have been entered in the case.

# SUMMARY OF THE ARGUMENT

The trial court erred in excluding and failing to consider critical evidence presented at trial. Because the trial court should have considered this evidence, the decision of the trial court is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.

The trial court erred by allowing subpoenas to be ignored and excluding critical witnesses. Because the trial court excluded vital witnesses, it was unable to make a just fair ruling on the matters at hand.

The trial court erred by allowing improper evidence, that is not factually sufficient to be entered as evidence. Because the trial court considered and allowed evidence that was not factual or legitimate, the rulings in turn are unjust and wrong.

The trial court erred by holding a contempt hearing and issuing jail time for Timothy Onkst in violation of Double Jeopardy laws, as Timothy Onkst had already been found not guilty of contempt of the same charges.

The trial court erred by setting child support at more than 20% of the mandated statute limit. The court set the support at far more than the statute without giving any valid legal finding or reason.

The trial court erred by not making the required findings for child support (Texas Family Code Section 154.130) that differs or varies from the amount computed by

applying the percentage guidelines.

The trial court erred by hearing a motion for enforcement and modification on dates and issues that had already been heard and adjudicated previously. Under the doctrines of res judicata and collateral estoppel, the multiple dates presented for enforcement had already been heard in court or could have been heard prior to the signing of the final order in this cause. Further the multiple issues presented from prior to 2013 would be barred from consideration as well.

The trial court erred by issuing a Clarifying Order that changed the change the substantive provisions of the order which was clarified which is in violation of Chapter 157.423 of the Texas Family Code.

The trial court erred by issuing a protective order without evidence that satisfied the required findings and without a proper application. The evidence and application do not meet the standards required under the Texas Family Code Section 85.002.

The trial court erred by not appointing Timothy Onkst counsel for the protective order and enforcement actions. Mr. Onkst could not afford to pay an attorney to work on the enforcement and protective order actions and was told by the trial court that he could not keep a court appointed attorney for those matters.

## ARGUMENT

**Did the trial court err in excluding critical evidence presented at trial?**

The trial court would not consider telephone records of Timothy Onkst and Jennifer Onkst at trial, or in post-trial hearings on June 16, 2015 or October 16, 2015. Despite the fact that the Texas Rules of Evidence say that both sets of records should have been considered based on Rule 901 (b) (1). Timothy Onkst or Raymond Onkst were able to authenticate the records but were not allowed to do so. Additionally, at the June 16 post-trial hearing, documents were entered for Jennifer Onkst as a public record, satisfying Rule 901 (b) (7) (A), but were excluded from evidence. Further, at the post-trial hearing on October 16, the phone records were again excluded despite being accompanied by an AT&T Business Records Affidavit showing that the alleged phone calls and test message violations did not occur. The Supreme Court of Texas states that it is an abuse of discretion to not properly consider evidence at trial. Because the trial court refused to consider the phone records, it abused its discretion and adversely affected the Appellant. The Appellant asks that the decision of the trial court be reversed.

**Did the trial court err by allowing subpoenas to be ignored and excluding critical witnesses?**

The trial court allowed subpoenas to be ignored and would not make the following

witnesses appear who were under subpoena for the hearings on January 26, 2015 and January 27, 2015:

Lt. Glenn Borkowicz, Harker Heights Police Department

Detective Tracy Riley, Austin Police Department

Jeannie Tomanetz, Austin Police Department

Sharon Ibanez

All of the excluded witnesses had vital testimony that was not allowed to be presented. The appellant was adversely affected and was not able to present a fair case. The Supreme Court of Texas states that it is an abuse of discretion to not properly consider evidence at trial.

Further, the trial court allowed the Appellee, Jennifer Onkst to ignore a subpoena ordering her to bring her phone records and phone bill for the dates that the Appellee alleged violations of a Protective Order by text message. By allowing Jennifer Onkst to ignore the subpoena and not produce any records or documentation, the Appellant was adversely affected. The Appellant asks that the decision of the trial court be reversed.

**Did the trial court err by allowing improper evidence, that is not factually sufficient?**

The trial court allowed the Appellee, Jennifer Onkst, to submit photocopy printouts of alleged text message conversations. The Texas Rules of Evidence Rule 1003, allows for duplicates to be admitted "unless a question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Multiple objections and questions were raised as to the authenticity of the original since no text messages took place between the parties on those dates. No identifying information such as phone number or timestamps were on the printouts and the offered evidence did not accurately reflect any information exchanged by text message between the Appellant and the Appellee. Because the trial court considered improper evidence, it abused its discretion and adversely affected the Appellant. Appellant asks that the decision of the trial court be reversed.

**Did the trial court err by holding a contempt hearing and issuing jail time for Timothy Onkst in violation of Double Jeopardy laws?**

The trial court held a hearing for contempt, found the Appellant in contempt and issued a jail sentence for failure to pay child support on  dates that were exactly the same as dates the Appellant had been found not guilty of contempt previously for the same charges.

The Appellant was ordered to appear in Williamson County, Texas on March 1, 2013 and March 4, 2013 for alleged non-payment of child support. Appellee, and her counsel Leslie Hume asked for Timothy Onkst to be found in contempt and

criminally punished for 90 days of jail time for each date. The alleged dates were: December 15, 2012, December 21, 2012, January 1, 2013, February 1, 2013 and March 1, 2013. Appellant paid the support and was current with support until losing his job in August 2013.

At hearing on March 4, 2013, Appellant, Timothy Onkst, was found not guilty and not in contempt. Jeopardy attached at the start of the hearing on March 4, 2013. Despite this being in the court file and multiple objections by the Appellant, the trial court allowed the contempt hearing to be heard again on January 26, 2015 and found Timothy Onkst in contempt for the dates of December 15, 2012; December 21, 2012; January 1, 2013; and March 1, 2013.

This hearing should not have been allowed to proceed and it is the petitioner's responsibility to prove validity, not the respondent's. according to Article 1, Section 14 of the Texas Constitution, which reads: "No person, for the same offense, shall be twice put in jeopardy of life or liberty; nor shall a person be again put upon trial for the same offense after a verdict of not guilty in a court of competent jurisdiction." Further, The Fifth Amendment of the United States Constitution reads in part "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb".

The trial court should not have allowed a hearing to take place nor should the Appellant been found in contempt on charges he had already faced. The trial court

abused its discretion and the Appellant was adversely affected. The Appellant asks that the trial court's decision be reversed and the subsequent sentence and motion be dismissed with prejudice.

**Did the trial court err by setting child support at more 20% of the mandated statute limit and fail to consider evidence of Timothy Onkst's change in income and circumstances?**

The trial court did not find or hear evidence that justified a variance from the child support guidelines in Section 154.125 (b) of the Texas Family Code. The court kept child support set at an amount that was nearly 100% of the Appellant's take-home pay. The amounts are excessive and well beyond the Appellant's means. The court heard no evidence and made no finding that met Section 154.123 (b) of the Texas Family code, and therefore had no basis to order a support amount that differed from the established support guidelines.

Further, the court did not consider evidence offered by the Appellant to show a change in circumstance, employment and income. The court's failure to consider these material and substantial changes were an abuse of its discretion and adversely affected the Appellant. Appellant asks that the trial court's decision be reversed and child support set at 20% of net resources retroactive to Appellant's motion to modify in May 2014.

**Did the trial court by not making the required findings for child support (Texas Family Code Section 154.130) that differs from varies from the amount computed by applying the percentage guidelines?**

The trial court erred by not making the required findings under Section 154.130 of the Family code if the amount of child support ordered by the court varies from the amount computed by applying the percentage guidelines under Section 154.125 or 154.129, as applicable.

Under Section 154.130 (b) the trial court is required to :

state whether the application of the guidelines would be unjust or inappropriate and shall state the following in the child support order:

"(1)  the net resources of the obligor per month are $_____;

"(2)  the net resources of the obligee per month are $_____;

"(3)  the percentage applied to the obligor's net resources for child support is _____%; and

"(4)   if applicable, the specific reasons that the amount of child support per month ordered by the court varies from the amount computed by applying the percentage guidelines under Section 154.125 or 154.129, as applicable."

The court failed to make these required findings and abused its discretion and

adversely affected the Appellant. The Texas Court of Appeals has consistently found the failure to state required findings as reversible error. (*Bolton v. Bolton Court of Appeals of Texas, Houston (1st Dist.*). Appellant asks that the trial court's ruling be reversed.

**Did the trial court err by hearing a motion for enforcement and modification on child support dates and information that had already been heard and adjudicated previously?**

The trial court heard a motion for enforcement on issues that had previously been presented in 2013. Further, the trial court allowed multiple arguments and testimony on issues and events from prior to 2013 and as far back as 2010. Under res judicata and collateral estoppel, the court should not have heard arguments or testimony prior to December 11, 2013.

The court abused its discretion by considering this evidence and adversely affected the Appellant. Appellant asks that the trial court's decision be reversed and final decree of divorce orders be restored.

**Did the trial court err by issuing a Clarifying Order that changed the change the substantive provisions of the order which was clarified?**

The court issued a Clarifying Order on April 11, 2015 that substantially changed the

ordered entered. This is improper according to the Texas Family Code which states under Section 157 Subchapter I, 157.423 (a) and (b)

"A court may not change the substantive provisions of an order to be clarified under this subchapter."

"A substantive change made by a clarification order is not enforceable."

The court made substantive changes to the order that was clarified. These changes included altering the possession and access schedule by over 50 days per year. Additionally, the court added in language and altered the child support order to reflect changes in amounts and different findings which affected the ability to challenge the order via enforcement.

Further, the court failed to follow required procedure under Section 157.422 (a) of the Texas Family Code, as no service or notice of hearing was given.

The court abused its discretion in issuing an improper Clarifying Order and adversely affected the Appellant. Appellant requests that the trial court's order be reversed and dismissed with prejudice.

**Did the trial court err by issuing a protective order without evidence that satisfied the required findings and without a proper application?**

The trial court erred by issuing a protective order based on violations of a past order. The court considered evidence despite the fact that no messages or violations actually took place.

According to the Family Code, Chapter 85.002 a violation must include a prohibited act under Section 85.022 of the Family Code. No evidence was offered to support a violation of any act under Section 85.022, and no violation of any act prohibited by the order actually occurred. Appellee and her counsel had already attempted to use deception to obtain an extended protective order by changing dates and falsifying a purported agreement to extended the order. This was dismissed at which point a new order was granted.

Further, the application did not meet the requirements under Texas Family Code 82.008 as the application did not include a copy of the order or the alleged violation by committing a prohibited act before the order expired.

The court abused its discretion in considering falsified evidence and issuing a protective order despite no evidence or conduct that met the legal standard of the Family Code. The Appellant was adversely affected by this abuse of discretion. Appellant requests that the trial court's ruling be reversed and the Appellee's

application for a protective order be dismissed with prejudice.

**Did the trial court err by not appointing Timothy Onkst counsel for the protective order and enforcement actions?**

The trial court did not appoint Timothy Onkst counsel for the protective order and enforcement actions despite the fact that he qualified for legal assistance and had requested it. The Appellant was not able to afford representation for anything other than modification issues and was forced to represent himself for the protective order and enforcement claims. Timothy Onkst was told by Travis County Associate Judge Andrew Hathcock that he could not retain the court-appointed counsel for the enforcement and protective order portions of the final hearing.

The Appellant was adversely affected by being denied counsel for the protective order hearing and enforcement claims. The court abused its discretion by forcing TIMOTHY ONKST to not have court-appointed counsel. Appellant asks that the trial court's decision be reversed and actions dismissed.

## PRAYER

Appellant, Timothy Onkst, respectfully, for the reasons stated above, asks the court to reverse the judgment of the trial court, remand the case for a new trial, and restore the previously ordered final decree of divorce.

Respectfully Submitted,

/s/ Timothy Dwight Onkst

Timothy Onkst

254-931-3339

505 Hogan Drive

Harker Heights, TX 76548

## APPENDIX

The trial court's orders are not included in the appendix because the multiple orders are both voluminous and impracticable. The orders are only available in hard copy and cannot be combined with this document.

The orders referenced are a part of the clerk's record in this case file.

The text of the referenced Family Code, Texas Rules of Evidence, Texas Constitution and the United States Constitution are not included because the voluminous length and lack of ability to merge into this document would make the file too large to transmit.

**Certificate of Compliance**

I, Timothy Onkst, certify that this document was generated by a computer using (Microsoft Word) which indicates that the word count of this document is 3,457 words per Tex. R. App. P. 9.4 (i) (3).

**Certificate of Service**

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I certify that I have served this document on all other parties which are listed below on December 15, 2015 as follows:

Mary Evelyn McNamara
1209 West Fifth Street, Suite 200
Attorney for Jennifer Onkst
By

        personal delivery
X     mail
        commercial delivery service
X     fax


_____/s/Timothy Dwight Onkst_____
[Signature of certifying attorney or pro se party]



_____December 15, 2015_____
[Date]